UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------

UNITED STATES OF AMERICA,

- v. -

$485,821.65 IN UNITED STATES CURRENCY FORMERLY ON DEPOSIT IN JPMORGAN CHASE BANK, N.A., ACCOUNT 209715972, HELD IN THE NAME OF "RFTR CORPORATION," AND ALL FUNDS TRACEABLE THERETO,

and

$434,122.61 IN UNITED STATES CURRENCY FORMERLY ON DEPOSIT IN JPMORGAN CHASE BANK, N.A., ACCOUNT 519888635, HELD IN THE NAME OF "MOOSHAD CONSULTING NYC, INC.," AND ALL FUNDS TRACEABLE THERETO,

　　　　　　　　　　　Defendants-*in-rem*.

--------------------------------------------------------

**VERIFIED CIVIL COMPLAINT
FOR FORFEITURE**

**20 Civ. _____**

Plaintiff United States of America, by its attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, for its verified civil complaint, alleges, upon information and belief, as follows:

1.　　This action is brought pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C) by the United States of America seeking the forfeiture of the following:

　　　a.　$485,821.65 in United States currency formerly on deposit in JP Morgan Chase Bank, N.A. ("JPMC"), Account 209715972, held in the name of "RFTR CORPORATION," (the "RFTR Account"); and

　　　b.　$434,122.61 in United States currency formerly on deposit in JP Morgan Chase Bank, N.A. Account 519888635, held in the

name of "MOOSHAD Consulting NYC, Inc.," (the
"MOOSHAD Account")

(hereinafter, collectively referred to as the "Defendants-*in-rem*").

## I.   JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this forfeiture action pursuant to Title 28,
United States Code, Sections 1345 and 1355.

3.      Venue is proper in this district pursuant to Title 28, United States Code, Section
1395, because the Defendants-*in-rem* are currently held in the Seized Asset Deposit Fund Account
of the United States Marshals Service (the "USMS") located within the judicial district for the
Southern District of New York.  Venue is also proper pursuant to Title 28, United States Code,
Section 1355 (b)(1)(A), because the acts and omissions giving rise to the forfeiture took place in
the Southern District of New York.

## II.   PROBABLE CAUSE FOR FORFEITURE

4.      As set forth below, there is probable cause to believe that the Defendants-*in-rem*
are subject to forfeiture pursuant to (*i*) Title 18, United States Code, Section 981(a)(1)(A) as
property involved in money laundering, in violation of Title 18, United States Code, Sections 1956
and 1957; and (*ii*) pursuant to Title 18, United States Code, Section 981(a)(1)(C) as proceeds
traceable to mail and wire fraud, in violation of Title 18, United States Code, Sections 1341 and
1343, or property traceable thereto.

5.      This action arises out of an investigation of SALVATORE ARENA (hereinafter,
"ARENA"), which was conducted by Special Agents with the United States Attorney's Office of
the Southern District of New York ("USAO-SDNY"); Criminal investigators with the New York
State Division of Taxation and Finance ("NYSDTF"); Special Agents with the U.S. Treasury
Inspector General for Tax Administration ("TIGTA"); and investigators from the New York City

Department of Taxation and Finance.  On or about August 23, 2019, ARENA pled guilty before the Honorable Katherine Polk Failla, United States District Judge for the Southern District of New York to charges of mail fraud, wire fraud, and money laundering.

6.     The investigation of ARENA, revealed, among other things, the following:

<u>Background Regarding Federal and State Tax Payments</u>

a.     State taxpayers in New York may make payments to the New York State Department of Taxation and Finance ("NYSDTF") for state tax amounts that such taxpayers expect to owe for a particular period ("Estimated Tax").  Such payments may be made on a periodic basis, *e.g.*, monthly or quarterly.  Federal taxpayers may make similar Estimated Tax payments with respect to anticipated federal tax amounts.

b.     When calculating a taxpayer's tax liability for a given year, federal and state tax authorities base their calculations of any tax due in part on Estimated Tax payments that have been credited to a taxpayer's tax account.  If prior Estimated Tax payments exceed the amount of tax owed by a taxpayer for a particular year, the taxpayer may be entitled to a refund of any excess amount.  Refunds to taxpayers may take several forms, including wire transfers to a taxpayer's bank account or checks mailed to the taxpayer's physical address.

<u>ARENA's Employment as a Tax Accountant</u>

c.     From at least in or about 1999, up to and including September 2018, ARENA was employed by a particular accounting firm (the "Accounting Firm") located in Manhattan.

d.     While employed at the Accounting Firm, ARENA purported to provide tax and other services to certain of the Accounting Firm's clients, as well as certain of his own clients.

e.     ARENA's duties at the Accounting Firm involved, among other things,

preparing various kinds of tax returns, including corporate and individual tax returns, and facilitating tax payments.

ARENA's Fraudulent Scheme

f.      During the period from in or about January 2014, up to and including in or about March 2019, ARENA engaged in a fraudulent scheme whereby he induced clients to provide funds that he thereafter misappropriated.

7.      A review of records obtained from the Accounting Firm, JPMC, and federal, state, and local tax authorities revealed, among other things, the following:

a.      During the period from in or about January 2014 through the present, ARENA requested that certain clients deliver to him checks for the payment of federal and state taxes, for the purpose of allowing ARENA to make estimated tax payments on the clients' behalf.

b.      Instead of submitting checks provided by those clients as tax payments credited against the clients' tax accounts, however, ARENA diverted the funds to make tax payments credited against his own tax accounts.

c.      ARENA subsequently requested and received tax refund checks, the amounts of which were based, in part, on tax payments credited against ARENA's tax accounts. ARENA cashed or deposited those tax refund checks, thereby laundering the proceeds of his fraud by disguising such proceeds as refunds for prior overpayments of his taxes.

d.      Additionally, during the period from in or about January 2014 through the present, ARENA requested that certain clients remit funds to accounts for particular corporations he controlled, which were held at JPMC, for the purpose of allowing ARENA to make tax payments credited against the clients' tax accounts. Instead of using funds received from clients to make tax payments on behalf of those clients, ARENA retained the funds for his own personal

use.

8.      The financial records obtained from JPMC revealed that ARENA was a signatory for bank accounts held on behalf of several companies, including, among others:  (*i*) RFTR Corporation ("RFTR") and (*ii*) MOOSHAD Consulting NYC, Inc. ("MOOSHAD").  Records from those companies revealed that ARENA made transfers between and among accounts held by those and other corporations.

9.      Communications between ARENA and clients of the Accounting Firm revealed that, in connection with the conduct described above, ARENA directed clients to remit funds into the accounts held at JPMC on behalf of RFTR and MOOSHAD.

10.      Specifically, financial records obtained during the course of this investigation concerning the RFTR Account revealed, in substance and in part, the following:

    a.      The RFTR Account was opened in or about May 2013.

    b.      During the period from approximately on or about November 1, 2013, through approximately on or about November 1, 2018, although approximately $670,450 was received in the RFTR Account from clients for the purpose of making tax payments, only approximately $25,884 was paid to federal or state tax authorities from the RFTR Account during that period.

    c.      From on or about November 1, 2013, through approximately on or about November 1, 2018, ARENA used the RFTR Account to make personal purchases and pay his own expenses, including travel to Australia and Italy, as well as purchases of food, wine, and expensive clothing.

11.      Similarly, financial records obtained during the course of the investigation concerning the MOOSHAD Account revealed, in substance and in part, the following:

a.      The MOOSHAD Account was opened in or about October 2013.

b.      During the period from approximately on or about November 1, 2013, through approximately on or about November 1, 2018, although approximately $250,778 was received in the MOOSHAD Account from clients for the purpose of making tax payments, only approximately $148,550.56 was paid to federal or state tax authorities from the MOOSHAD Account during that period.

c.      From on or about November 1, 2013, through approximately on or about November 1, 2018, ARENA used the MOOSHAD Account to make personal purchases and pay his own expenses.

12.      During the course of the investigation, the Government learned:  (*i*) from New York State corporate records that ARENA's home address ("Address-1") is listed as the business address for RFTR and MOOSHAD; (*ii*) from financial records obtained from JPMC that Address-1 is the address associated with the RFTR Account and the MOOSHAD Account; and (*iii*) that, based on information obtained from the Accounting Firm, ARENA continued to solicit clients following his termination from the Accounting Firm in or about September 2018, and that ARENA continued to purport to provide tax services to clients from Address-1 using the RFTR Account and/or the MOOSHAD Account.

13.      On or about March 19, 2019, the Honorable Judge James L. Cott, United States Magistrate Judge for the Southern District of New York, issued a seizure warrant captioned 19 Mag. 2699 for the Defendants-*in-rem*.  A copy of the seizure warrant is attached hereto as Exhibit A, and is incorporated by reference as if set forth fully herein.

14.      As a result of the above-described investigation, on or about June 21, 2019, an Information, 19 Cr. 465 (KPF) (the "Information"), was filed in three counts, charging ARENA

with mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2 ("Count One");

money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B) and 2

("Count Two"); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 3

("Count Three").  The Information is attached hereto as Exhibit B, and is incorporated by reference

as if set forth fully herein.

15.     On or about August 23, 2019, pursuant to a plea agreement with the Government,

ARENA pled guilty before the Honorable Katherine Polk Failla, United States District Judge for

the Southern District of New York, to Counts One through Three of the Information.

16.     Accordingly, the Defendants-*in-rem* are subject to forfeiture to the United States as

property involved in money laundering and proceeds traceable to mail fraud and wire fraud.

### III.  CLAIMS FOR FORFEITURE

**Forfeiture Under 18 U.S.C. § 981(a)(1)(A)**
**(Property Involved in a Transaction or Attempted Transaction in Violation of 18 U.S.C. § 1956 or 1957 or Property Traceable to Such Property)**

17.     Paragraphs 1 through 15 of this Complaint are repeated and re-alleged as if fully

set forth herein.

18.     Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real

or personal, involved in a transaction or attempted transaction in violation of Title 18, United States

Code, Section 1956 or 1957, or any property traceable to such property, is subject to forfeiture to

the United States.

19.     By reason of the foregoing, the Defendants-*in-rem* are subject to forfeiture to the

United States pursuant to Title 18, United States Code, Section 981(a)(1)(A), as property involved

in a money laundering transaction or an attempted money laundering transaction, in violation of

Title 18, United States Code, Section 1956 or 1957, or as property traceable to such property.

**Forfeiture Under 18 U.S.C. § 981(a)(1)(C)**
**(Property Constituting or Derived from Proceeds Traceable to a Violation of 18 U.S.C.**
**§§ 1341 and 1343, or Property Traceable to Such Property)**

20.     Paragraphs 1 through 15 of this Complaint are repeated and re-alleged as if fully set forth herein.

21.     Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" as defined in section 1956(c)(7) of this title, or a conspiracy to commit such offense.

22.     For purposes of Title 18, United States Code, Section 1956, "specified unlawful activity" includes wire fraud, in violation of 18 U.S.C. § 1343 and mail fraud, in violation of 18 U.S.C. § 1341.

23.     By reason of the foregoing, the Defendants-*in-rem* are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), as property constituting or derived from proceeds traceable to a violation of Title 18, United States Code, Sections 1341 and 1343, or as property traceable to such property.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendants-*in-rem* and that all persons having an interest in the Defendants-*in-rem* be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendants-*in-rem* to the United States of America for disposition

according to law, and that this Court grant plaintiff such further relief as this Court may deem just

and proper, together with the costs and disbursements of this action.

Dated:  New York, New York
       July 7, 2020

                      AUDREY STRAUSS
                      Acting United States Attorney
                      Southern District of New York

                      *Attorney for Plaintiff United States of America*

By: _____
                      Jarrod L. Schaeffer
                      Assistant United States Attorney
                      Southern District of New York
                      One St. Andrew's Plaza
                      New York, New York 10007
                      Tel.: (212) 637-2270

## VERIFICATION

STATE OF NEW YORK                    )
COUNTY OF NEW YORK              )
SOUTHERN DISTRICT OF NEW YORK   )
ss.

DAVID FUSCO, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that he is a Special Agent with the United States Attorney's Office for the Southern District of New York; that he has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the best of his knowledge, information, and belief; and that the sources of his information and the grounds of his belief are his personal involvement in the investigation, as well as conversations with and documents prepared by law enforcement officers and others.

Executed on July 6, 2020.

DAVID FUSCO
Special Agent
United States Attorney's Office for the
Southern District of New York

**Exhibit  A**

19 MAG 2699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------

UNITED STATES OF AMERICA

              -v.-

ALL MONIES AND FUNDS CONTAINED
IN JPMORGAN CHASE BANK, N.A.,
ACCOUNT 209715972, HELD IN THE
NAME OF "RFTR CORPORATION," AND
ALL FUNDS TRACEABLE THERETO,
INCLUDING ACCRUED INTEREST,

ALL MONIES AND FUNDS CONTAINED
IN JPMORGAN CHASE BANK, N.A.,
ACCOUNT 519888635, HELD IN THE
NAME OF "MOOSHAD CONSULTING
NYC, INC.," AND ALL FUNDS
TRACEABLE THERETO, INCLUDING
ACCRUED INTEREST,

              Defendants-in-rem.

-------------------------------------------------

### WARRANT OF SEIZURE
### PURSUANT TO 18 U.S.C. §§ 981 and 984

TO:   ANY DESIGNATED OFFICER OF THE UNITED STATES
      ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW
      YORK, AND/OR ANY LAW ENFORCEMENT OFFICER AUTHORIZED
      BY LAW

An Affidavit having been made before me by KEVIN LECLAIR,

Special Agent with the United States Attorney's Office for the

Southern District of New York ("SDNY"), that he has reason to

believe that the above-captioned funds are subject to seizure and

civil forfeiture pursuant to 18 U.S.C. §§ 981 and 984, and as I am

satisfied that there is probable cause to believe that the property

so described is subject to seizure and civil forfeiture pursuant to 18 U.S.C. §§ 981 and 984;

YOU ARE HEREBY COMMANDED AND AUTHORIZED to seize, within fourteen (14) days of the date of issuance of this warrant, by serving a copy of this warrant of seizure upon any person presently in possession of the property described as follows:

ALL MONIES AND FUNDS CONTAINED IN JPMORGAN CHASE BANK, N.A., ACCOUNT 209715972, HELD IN THE NAME OF "RFTR CORPORATION," AND ALL FUNDS TRACEABLE THERETO, INCLUDING ACCRUED INTEREST; and

ALL MONIES AND FUNDS CONTAINED IN JPMORGAN CHASE BANK, N.A., ACCOUNT 519888635, HELD IN THE NAME OF "MOOSHAD CONSULTING NYC, INC.," AND ALL FUNDS TRACEABLE THERETO, INCLUDING ACCRUED INTEREST.

YOU ARE FURTHER COMMANDED AND AUTHORIZED to prepare a written inventory of the property seized and promptly return this warrant and inventory before this Court as required by law.

IT IS FURTHER ORDERED THAT the above-listed accounts shall be frozen upon service of this warrant, in order to prevent the above-captioned funds from being transferred, withdrawn, or removed therefrom, except that transfers into the accounts shall continue to be permitted for a period of ten (10) days after service of this warrant.

Dated:    New York, New York
          March 19, 2019

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

| RETURN | | |
|---|---|---|
| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |

INVENTORY MADE IN THE PRESENCE OF

INVENTORY OF PROPERTY TAKEN PURSUANT TO THE WARRANT

| CERTIFICATION |
|---|

I swear that this inventory is a true and detailed account of all the property taken by me on the warrant

_____

Subscribed, sworn to, and returned before me this date.

*Federal Judge or U.S. Magistrate*                         *Date*

**<u>Exhibit  B</u>**

**JUDGE FAILLA**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA    :

     v.      :     <u>INFORMATION</u>

SALVATORE ARENA,      :     19 Cr.

     Defendant.      :    **19 CRIM 465**

- - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 21 2019

<u>COUNT ONE</u>

**(Mail Fraud)**

The United States Attorney charges:

1. From at least in or about January 2014 up to and including at least in or about March 2019, in the Southern District of New York and elsewhere, SALVATORE ARENA, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the United States Postal Service, and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and did take and receive therefrom, such matters and things, and did knowingly cause to be delivered by

mail and such carriers according to the directions thereon, and at the places at which they were directed to be delivered by the person to whom they were addressed, such matters and things, to wit, ARENA executed a scheme whereby he misappropriated tax payments remitted by certain clients of a particular accounting firm located within the Southern District of New York (the "Accounting Firm"), and in connection therewith and in furtherance thereof, ARENA transmitted and caused to be transmitted by United States mail tax forms containing false and fraudulent pretenses, representations, or promises in furtherance of a scheme to misappropriate client funds to himself.

(Title 18, United States Code, Sections 1341 and 2.)

## COUNT TWO

### (Money Laundering)

2. From at least in or about January 2013 up to and including at least in or about March 2019, in the Southern District of New York and elsewhere, SALVATORE ARENA, the defendant, knowing that the property involved in certain financial transactions represented proceeds of some form of unlawful activity, conducted and attempted to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity as defined in Title 18, United States Code, Section 1956(c)(7), to wit, the mail fraud charged in Count One of this Complaint, in violation of Title 18, United States Code, Section 1341, knowing

that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of these proceeds of specified unlawful activity, to wit, ARENA obtained tax refund checks by diverting tax payments made by certain clients of the Accounting Firm, misappropriating clients' funds while disguising the proceeds as legitimate tax refunds issued to ARENA.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

## COUNT THREE

### (Wire Fraud)

3. From at least in or about January 2013 up to and including at least in or about March 2019, in the Southern District of New York and elsewhere, SALVATORE ARENA, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and attempting to do so, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, ARENA executed a scheme whereby he misappropriated tax payments remitted by certain clients of the Accounting Firm and others, and in connection therewith and in furtherance thereof, ARENA transmitted or caused

to be transmitted electronic mail, telephone calls, and wire transfers containing false and fraudulent pretenses, representations, or promises.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATIONS

4.    As a result of committing the offenses alleged in Counts One and Three of this Information, SALVATORE ARENA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

5.    As a result of committing the offense alleged in Count Two of this Information, SALVATORE ARENA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

## SUBSTITUTE ASSET PROVISION

6.    If any of the above-described forfeitable property, as

a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)


GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

### SALVATORE ARENA,

Defendant.

### INFORMATION

19 Cr. _____

(18 U.S.C. §§ 1341, 1343, 1956, & 2.)

GEOFFREY S. BERMAN
United States Attorney