U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**MEMO ENDORSED**

April 16, 2021

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/2021

**By ECF**

Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:  *United States v. $485,821.65 in United States Currency, et al.*,
         20 Civ. 5179 (VEC)

Dear Judge Caproni:

    The Government writes respectfully to update the Court with respect to discovery in this matter, and to request an order directing Mr. Arena to comply with the discovery schedule set by this Court.

    On December 21, 2021, this Court established a schedule for discovery in this matter that included, in relevant part, the following deadlines:

- Requests for the production of documents pursuant to Fed. R. Civ. P. 34 shall be served no later than February 15, 2021, and responses thereto shall be due within sixty (60) days thereafter;

- Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served no later than February 15, 2021, and responses thereto shall be due within sixty (60) days thereafter;

- All fact discovery shall be concluded on or before June 30, 2021.

(ECF No. 13 at 3.)  The Court also scheduled a teleconference to be held on July 13, 2021 at 11:00 A.M, at which point the Court will set a schedule for dispositive motions.  (*Id.*)

    Pursuant to that schedule, the Government served its requests for the production of documents and interrogatories on February 11, 2021, with responses due from Mr. Arena on or before April 12, 2021.  To date, the Government has not received any responses to its discovery

requests.[1] Nor does it appear that Mr. Arena has filed any request with the Court for an extension of any discovery deadlines.

Instead, the Government has received a letter from Mr. Arena dated April 5, 2021, a copy of which is appended hereto as Exhibit A, which seeks "to extend the time for [his] reply to the government's opposition for at least 60 days . . . ." Ex. A.  The letter states that the extension is necessary because "COVID-19 has altered the entire operations of the Bureau of Prisons, and [his] institution particularly," and thus he is "unable to utilize the prison law library to . . . research and write a suitable reply to the government's opposition to [his] claim." *Id.*[2] Mr. Arena's letter does not mention discovery, nor does it identify the purported deadline that he seeks to have extended.

At this stage of the case, there is no Government "opposition to [Mr. Arena's] claim" to which a response is required, nor does the docket reflect other filings that may require Mr. Arena "to utilize the prison law library to . . . research and write a suitable reply." *Id.*  Moreover, even if Mr. Arena's letter were construed as referring to his obligation to respond to the Government's discovery requests, it offers no reason why Mr. Arena cannot provide documents or answers responsive to those requests.[3]

Accordingly, the Government respectfully requests that the Court: (*i*) direct Mr. Arena to respond to the Government's discovery requests no later than May 10, 2021;[4] and (*ii*) caution Mr. Arena that, if such responses are not served on the Government as of that date, he may be subject

---

[1] As of this date, the Government also has not received any discovery requests from Mr. Arena.

[2] Mr. Arena's letter further asserts that "[his] release date is scheduled for August, 2021," and claims that he "may have an earlier release pursuant to the CARES Act." *Id.*  According to the Bureau of Prisons website, however, Mr. Arena's current release date is February 23, 2022.  The Honorable Katherine Polk Failla previously denied Mr. Arena's request for early release on August 3, 2020.  *See Unites States v. Salvatore Arena*, 19 Cr. 465 (KPF), Doc. No. 36 (S.D.N.Y.).  And this Court previously denied Mr. Arena's request to stay this litigation pending his release.  (*See* ECF No. 7 at 2.)

[3] In any event, the Government cannot unilaterally modify the discovery schedule or other deadlines set by the Court in this case.  *See* Fed. R. Civ. P. 16(b)(4), 29(b).

[4] The next deadline to serve any Requests to Admit is May 17, 2021.  (*See* ECF No. 13.)

to potential sanctions, up to and including dismissal of his claim or the entry of a default judgment in this action.  *See, e.g.*, *S.E.C. v. Setteducate*, 419 F. App'x 23, 25 (2d Cir. 2011).

        Respectfully submitted,

        AUDREY STRAUSS
        United States Attorney
        Southern District of New York

By:        /s/
        Jarrod L. Schaeffer
        Assistant United States Attorney
        Tel: (212) 637-2270

cc: Salvatore Arena (via Certified Mail)

---

Application GRANTED.  The Court will set a motion schedule on July 13 2021, after discovery has completed.  In the meantime, Mr. Arena is directed to respond to the Government's discovery requests no later than **May 10, 2021.**  If Mr. Arena cannot respond to the discovery requests by that date, he must write a letter to this Court requesting an extension and explaining why he needs access to the law library to respond to the government's document requests and interrogatories.  Failure to respond to the Government's discovery requests may lead to sanctions.  A copy of this order will be mailed to Mr. Arena by chambers.

SO ORDERED.

*[signature]*    4/16/2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Salvatore Arena
█████
Federal Prison Camp
P.O. Box 2000
Lewisburg, PA 17837

April 5, 2021

Honorable Audrey Strauss
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: CASE NO. 20-cv-5179 (VEC)
    Letter/Motion for Extension of Time

Dear Judge Strauss:

    Please let this letter serve as a respectful request to extend the time for my reply to the government's opposition for at least 60 days due to the institution's conditions being abnormal due to the COVID-19 pandemic and its affect on prison life.

    Specifically, we are unable to utilize the prison law library to the extent that I will be able to research and write a suitable reply to the government's opposition to my claim. COVID-19 has altered the entire operations of the Bureau of Prisons, and this institution particularly, to the point where any litigation is impossible at this time.

    My release date is scheduled for August, 2021. I may have an earlier release pursuant to the CARES Act. Either way, I am hoping to litigate from the prison library as soon as the institution deems it is fit to return to normal operations. As such, please let this letter serve as a respectful request to extend the time for **"60 days"** so that the institution may return to a status that will allow me to litigate my claim.

    Thank you for your kindness and consideration in this matter.

Yours Truly,

*Salvatore Arena*

Salvatore Arena, pro se

cc: U.S. Attorneys Office
cc: file